**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 4 2016

FOR THE NINTH CIRCUIT

FRANCISCO BELTRAN-FLORES,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-71828

Agency No. A087-595-599

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:  LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Francisco Beltran-Flores, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003). We deny the petition for review.

Although Beltran-Flores argues he has a well-founded fear of persecution, he does not challenge the agency's dispositive finding that his asylum application was untimely and that he did not qualify for any exception to the one-year bar. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to his asylum claim.

Beltran-Flores does not challenge the agency's finding that he failed to establish past persecution, and substantial evidence supports the agency's finding that he failed to establish a nexus between his feared future harm and a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (under the REAL ID Act, applicant must prove a protected ground is at least "one central reason" for persecution); *see also Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution based on a protected ground). Thus, we deny the petition as to Beltran-Flores' withholding of removal claim.

13-71828

Finally, substantial evidence supports the agency's denial of Beltran-Flores'

CAT claim because he failed to establish that it is more likely than not that he

would be tortured by or with the consent or acquiescence of the government if

returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITITION FOR REVIEW DENIED.**